UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES W. WALLACE,

        Plaintiff,                          **Case No. 2:08-cv-261**
                                            **JUDGE GREGORY L. FROST**
      **v.**                              **Magistrate Judge Mark R. Abel**

WHEELING-PITTSBURGH
STEEL CORP., et al.,

        Defendants.

## ORDER

This matter came on for consideration of Plaintiff's Motion for Leave to File Amended Complaint ("Plaintiff's Motion to Amend") (Doc. # 9), Defendant Wheeling Pittsburgh Steel Corporation's ("Wheeling-Pitt") Motion for Judgment on the Pleadings ("Company's Motion for Judgment on the Pleadings") (Doc. # 17), and Defendant Local 1223 United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union's ("Local 1223") Motion for Judgment on the Pleadings ("Union's Motion for Judgment on the Pleadings") (Doc. # 20).  For the following reasons, the Court **GRANTS** the Company's Motion for Judgment on the Pleadings and the Union's Motion for Judgment on the Pleadings and **DENIES AS MOOT** Plaintiff's Motion to Amend.

## I. Background

On April 21, 2006 Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and, approximately 89 days later, on July 19, 2006, Plaintiff filed in this Court an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Ohio Revised Code § 4112.99, and the common law of Ohio.  (Case No. 2:06-cv-00610, "2006 action").

On April 18, 2007 Plaintiff filed a motion requesting dismissal without prejudice of the 2006 action pursuant to Fed. R. Civ. P. 41(a)(2).  Defendants opposed that motion; however, it was ultimately granted by this Court.

On March 18, 2008 Plaintiff filed the instant action indicating in the complaint that it is a refiling of the 2006 action.  On May 5, 2008 Plaintiff filed a motion for leave to amend the complaint (Doc. # 9) and on May 22, 2008 Defendants filed their memorandum in opposition to Plaintiff's Motion to Amend (Doc. # 15).

On July 9, 2008 Defendant Wheeling-Pitt filed the Company's Motion for Judgment on the Pleadings (Doc. # 17) and a memorandum in support of that motion (Doc. # 18).  On July 15, 2008 Defendant Local 1223 filed the Union's Motion for Judgment on the Pleadings (Doc. # 20) and a memorandum in support of that motion (Doc. # 21).  On August 29, 2008 Plaintiff filed an *instanter* motion for leave to file his memorandum in opposition to both Defendants' motions (Doc. # 31) and his opposition memorandum (Doc. # 32).  The Court granted Plaintiff's *instanter* motion (Doc. # 33) and accepted his memorandum in opposition to Defendants' motions for judgment on the pleadings as timely filed.  On September 18, 2008 Wheeling-Pitt filed its reply in support of the Company's Motion for Judgment on the Pleadings (Doc. # 37) and Local 1223 filed its reply in support of the Union's Motion for Judgment on the Pleadings (Doc. # 38).

## II.  Standard of Review

The Court reviews motions made under Fed. R. Civ. P. 12(c) in the same manner it would review a motion made under Fed. R. Civ. P. 12(b)(6).  *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  Accordingly, to survive Defendants' motions for judgment on the pleadings, Plaintiff's complaint must state a claim to relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

### III. Analysis

Both Wheeling Pitt and Local 1223 move for dismissal of Plaintiff's Title VII claims as time barred for failure to file suit within 90 days of receipt of the EEOC's right to sue letter. Defendants further argue that Plaintiff's federal claims are saved by neither the doctrine of equitable tolling nor the Ohio Savings Statute. Finally, Defendants argue that, as the Title VII claims are time barred, the pendant state law claims should also be dismissed.

In opposition, Plaintiff argues that, because the 2006 action was voluntarily dismissed after the 90 day period had already run, Plaintiff's claim should not be time barred:

> The voluntary dismissal [of the 2006 action] would, in fact, act as a voluntary dismissal *with prejudice*. However, neither the Court nor [Plaintiff's] counsel raised the preclusive effect of such a voluntary dismissal.

(Doc. # 32 at 4) (emphasis in original).

Plaintiff's argument is not well taken.

First, Plaintiff's suggestion that it was somehow this Court's responsibility to inform him of his substantive rights is simply unsupportable. Further, Plaintiff's assertion that Defendants are somehow to blame for his voluntary dismissal after the limitations period had run is likewise unsustainable. Indeed, Defendants actively fought against Plaintiff's request for dismissal of the 2006 action.

Next, Judge Rose of this district recently issued *Gex v. Toys "R" US, Inc.*, No. C-3-06-338, 2007 U.S. Dist. LEXIS 73495 (S.D. Ohio Oct. 2, 2007), an opinion that is well-reasoned, persuasive and directly on point. In *Gex*, the plaintiff brought suit for employment discrimination under Title VII and voluntarily dismissed the action approximately one year later under Fed. R. Civ. P. 41(a). The following year, the plaintiff refiled the action and the court granted the defendants' motion to dismiss the case as time barred. That opinion guides and

3

informs this Court's analysis.

A plaintiff seeking to assert Title VII discrimination claims must bring suit within 90 days of receiving a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984). In addition, the United States Supreme Court has explained that the "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center*, 466 U.S. at 152. For example, where a plaintiff voluntarily dismissed an Americans with Disability Act[1] ("ADA") action under Fed. R. Civ. P. 41(a), the United States Court of Appeals for the Sixth Circuit upheld the dismissal of a later-filed ADA complaint bringing the same claims against the same parties as being time barred. *See Garrett v. Weyerhaeuser Co.*, No. 98-1424, 1999 U.S. App. LEXIS (6th Cir. Sept. 17, 1999); *see also Canady v. Klaiber*, No. 1:04 CV 0711, 2007 U.S. Dist. LEXIS 1419 (N.D. Ohio Jan. 8, 2007) (dismissing later-filed Title VII action as time barred even though the parties stipulated to an earlier dismissal under Fed. R. Civ. P. 41(a)).

"However, 'the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose.' "[2] *Gex*, 2007 U.S. Dist. LEXIS 73495 at *7 (citing *Leake v. Univ. of*

---

[1]The ADA incorporates the powers, remedies, and procedures applicable to employment discrimination actions under Title VII. *See* 42 U.S.C. § 12117. Under Title VII and thus under the ADA, a plaintiff must commence his civil action within 90 days of receiving a right-to-sue letter from the EEOC.

[2]Time limitations "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 428 (1965) (quoting *Order of R.R. Tel. v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)). Further,

*Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979) and *Am. Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974)). Yet, the instances in which time limits set in a federal statute are tolled are very limited. *Id.* (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987)). As Judge Rose illustrated in *Gex*:

> The limitations provided in a federal statute were tolled, for example, where the defendants' negotiations with the plaintiff, including making express statements tolling the statute, and plaintiff's reliance thereon, could reasonably have led the plaintiff to delay in the filing of charges with the EEOC. *Leake*, 605 F.2d at 259. Also, the time limits may be tolled by "outside influences" such as insanity or minority. *Wilson*, 815 F.2d at 28. In another example, time limits were tolled when the defendant misled the plaintiff into believing that the plaintiff had more than three years in which to bring an action. *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424 (1965) (citing *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959)). Finally, the time limits have been tolled in situations where the plaintiff pursued an alternative judicial remedy in state court reasonably believing it to be available to her. *Wilson*, 815 F.2d at 28 (citing *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980).

*Gex*, 2007 U.S. Dist. LEXIS 73495 at *8-9.

Yet, in all of these cases–unlike the instant action and *Gex*–the events supporting the tolling took place before the end of the tolling period. In other words, there are no instances, and neither the plaintiff in *Gex* nor Plaintiff here cite any, where a statute of limitations that had already run had been tolled. "Said another way, if a statute of limitations has run, it cannot be tolled." *Gex*, 2007 U.S. Dist. LEXIS 73495 at *9.

Further, although Plaintiff in this action does not argue that equitable tolling or Ohio's savings statute could apply to prevent dismissal, the Court agrees with Judge Rose's analysis on these issues:

> Absent some sort of equitable tolling, the filing of a complaint which is later dismissed without prejudice does not stop time limits set forth in the statute from

---

the courts should be relieved of the burden of trying stale claims when a plaintiff has slept on his or her rights. *Id.*

running. *Wilson*, 815 F.2d at 27.  A dismissal without prejudice "leaves the situation the same as if the suit had never been brought …" *Id.* (citing *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir.1962)).  Further, if the period of limitations has run by the time of a dismissal without prejudice, any new action is generally untimely.  *Wilson*, 815 F.2d at 28 (citing *Harris v. City of Canton, Ohio*, 725 F.2d 371, 376-77 (6th Cir.1984)).  For example, a complaint that was initially dismissed without prejudice and was not refiled within the original ninety day period was correctly dismissed.  *Id.*

Absent some sort of equitable tolling, a state tolling statue, such as Ohio's, also does not stop the time limits set forth in a federal statute such as Title VII. *Parrish v. HBO & Co.*, 85 F. Supp. 2d 792, 797 (S.D. Ohio 1999).  The Supreme Court has expressly rejected the use of Ohio's tolling statute to "save" an untimely claim under the Federal Employers' Liability Act which, like Title VII, contains its own time limits.  *Id.* (citing *Burnett*, 380 U.S. 424).  The Sixth Circuit has also refused to apply a state savings statute to revive an untimely federal claim where the federal statute contained its own time limitation.  *Id.* (citing *Johnson v. Ry. Express Agency, Inc.*, 489 F.2d 525, 530 (6th Cir. 1973)).

*Gex*, 2007 U.S. Dist. LEXIS 73495 at *9-10.  Likewise, Plaintiff's claims in the instant action cannot be equitably tolled or saved by a state savings statute.

Finally, because Plaintiff's Title VII claims are time-barred, Plaintiff's Motion to Amend is rendered moot and the Court declines jurisdiction on Plaintiff's pendant state law claims.

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** the Company's Motion for Judgment on the Pleadings (Doc. # 17), **GRANTS** the Union's Motion for Judgment on the Pleadings (Doc. # 20) and **DENIES AS MOOT** Plaintiff's Motion to Amend (Doc. # 9).  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**